FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN - 8 2007

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL KEITH REYES,

        Plaintiff,

vs.                                  CIVIL NO. 06-1131 LH/LFG

SHAWN McWHETHEY
MEMORIAL SUB-STATION,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED WAIVER OF COSTS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

### Waiver of Filing Fee

Plaintiff Paul Keith Reyes ("Reyes") seeks the Court's order authorizing him to proceed with this litigation without the payment of costs or fees. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to waive filing fees and various court costs. The intent of this statute is to facilitate access to courts and to guarantee that "no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342, 69 S. Ct. 85, 90 (1948).

Reyes submitted an Amended Affidavit indicating he is indigent. While he is employed, he is apparently only sporadically employed and states that during the last month, he received no income from his part-time employment. Reyes contends that he is without savings, assets, property or any funds to enable him to prosecute this case. Based on Reyes' affidavit, the Court will grant a limited waiver of costs and authorize the filing of his Complaint without the payment of a filing

fee. Service of process fees, however, are denied as Reyes' Complaint will be dismissed without prejudice.

## *Sua Sponte* Analysis of Complaint

While Congress removed barriers to court process for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732-33 (1992).

In response to this congressional concern, federal courts were authorized to dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, courts may now conduct a *sua sponte* review of an *in forma pauperis* complaint pursuant to this section to determine if the complaint can withstand Fed. R. Civ. P. 12(b)(6) scrutiny. If the court concludes that the complaint does not meet 12(b)(6) standards, the complaint may be dismissed. If the defect is in the pleading and the pleadings are subject to being cured by appropriate allegations, the dismissal of a complaint will be without prejudice.

In reviewing a *pro se* complaint, the court applies the same legal standards applicable to pleadings drafted by counsel, but remains mindful that a *pro se* complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). It is with these standards in mind that the Court reviews Reyes' Complaint.

## Section 1983 Allegations

Reyes asserts that he is prosecuting his Complaint pursuant to 42 U.S.C. § 1983. Claims pursuant to § 1983 allow for court relief when a party's federally protected rights have been violated

2


by state or local officials or by other persons acting under color of state law. Thus, a person who asserts a claim for relief under § 1983 must satisfy two elements: (1) "The plaintiff must allege that some person has deprived him of a federally protected right"; and, (2) "He must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S. Ct. 1920, 1923 (1980); West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988).

Reyes' § 1983 civil rights complaint fails to identify as a named Defendant "some person" who allegedly deprived him of a federally protected right. Indeed, it is not clear whom Reyes seeks to sue. The Complaint and Amended Financial Affidavit identify the Defendant as Shaw McWhethey Memorial Sub[station]. This Defendant is an Albuquerque Police Department substation. In Reyes' initial *in forma pauperis* application he lists a different Defendant, the Bernalillo County Metro Detention Center.

With respect to § 1983 claims, it is well settled law that police departments, corrections facilities or detention centers, and inanimate objects, like building or facilities, are not "persons" subject to suit under 42 U.S.C. § 1983. Such entities lack legal identities apart from the municipality. *See, e.g.*, Martinez v. Winner, 771 F.2d 424, 443 (10th Cir. 1985) (upholding dismissal of Denver City Police Department from a civil rights suit because police department was "not a separate suable entity" from the City of Denver), *modified in part*, 778 F.2d 553; *remanded on other grounds* 475 U.S. 1138, 106 S. Ct. 1787 (1986); *vacated on other grounds*, 800 F.2d 230 (10th Cir. 1986); Ketchum v. Albuquerque Police Dep't, 958 F.2d 381 (Table, text in Westlaw), 1992 WL 51481 at *2 (10th Cir. Mar. 12, 1992) (dismissing police department and detentions center as defendants in § 1983 case, after observing that police departments are not suable entities under § 1983, and that detention centers are similar to a police department in that they are subsumed within

the larger municipality); Morris v. Bond, 2006 WL 2506396 (W. D. Mo. Aug. 29, 2006) (holding county correctional center or jail is not a suable entity under § 1983 because it is merely an arm of the county and lacks a separate legal identity apart from the county); Post v. City of Fort Lauderdale, 750 F. Supp. 1131, 1132 (S. D. Fla. 1990) (dismissing city police department, its building and zoning department and collecting cases where courts dismissed city departments and police departments because they were not suable entities under § 1983).

With respect to Reyes' § 1983 complaint, neither Defendant Shawn McWhethey Memorial Substation nor Bernalillo County Metro Detention Center is a separate, legal entity amenable to suit. In other words, neither entity is a "person" for purposes of § 1983. Therefore, both Defendants, as named, must be dismissed.

Notwithstanding this dismissal, the Court does not construe Reyes' *pro se* pleadings as strictly as it would construe the pleadings prepared by an attorney. Haines v. Kerner, 404 U.S. 519, 520-21, *reh'g denied*, 404 U.S. 948 (1972). In the body of Reyes' Complaint, he does refer to specific individuals who might be subject to suit under § 1983. For example, he states in paragraph 1:

> That on or about November 11, 2006 Jonathan Romero APD #2579 and his motor cycle assistant Cobos APD #2872 did use an unreasonable amount of force to effectuate an unecessary [sic] arrest.

This allegation would seem to meet basic pleading requirements in that it identifies the "who," the "when," and the "what." That is, whatever incident Reyes is concerned with occurred on November 11 and was allegedly committed by Jonathan Romero and "motor cycle assistant Cobos." The "what" concerns an alleged "unreasonable amount of force to effectuate an unecessary [sic] arrest."

However, Reyes did not name either Romero or Cobos as Defendants in his lawsuit. In addition, Reyes' supporting allegations are vague and unclear. Reyes refers to Cobos arresting him

4

even though Reyes "was of no threat." Reyes further alludes to a history of police officers "interfering with the plaintiff," and that this interference resulted in Reyes not having "a chance to generate an income. The plaintiff is then subjectively stimulated to drive with no plates, insurance or driver's license...." Reyes concludes by stating that the lack of income is problematic because he is being ordered to pay child support in three separate courts. Such generalized, weak allegations do little to state a viable § 1983 claim. Indeed, even in construing *pro se* complaints under a more liberal standard, courts will dismiss claims that are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

Because Reyes did not name a Defendant who can be sued under § 1983, the case must be dismissed. However, the Court will dismiss the complaint without prejudice because Reyes could re-file his lawsuit by naming individual officers as Defendants for alleged violations of constitutional rights. In other words, the deficiencies in the pleading are such that they might be cured by re-pleading in a new complaint. Reyes is advised that for a § 1983 claim to withstand scrutiny under Rule 12(b)(6), he must adhere to well-established case law as set forth in Gomez and West. In addition, if Reyes files another complaint in a federal court, he is admonished to comply with the pleading requirements under Fed. R. Civ. P. 8, as well as the investigative and certification requirements of Fed. R. Civ. P. 11.

IT IS THEREFORE ORDERED that Reyes is granted limited waiver of costs.

IT IS FURTHER ORDERED that Reyes' Complaint is DISMISSED without prejudice.

UNITED STATES DISTRICT JUDGE

For Hon C. Leroy Hansen